UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUN 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-346-GWU

GARRY L. BEGLEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

**INTRODUCTION**

The plaintiff originally brought Begley v. Apfel, London Civil Action No. 99-379 (E.D. Ky. October 11, 2000) to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the undersigned's Memorandum Opinion, Order, and Judgment (Tr. 327-338), the case is again before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to

perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-

3

making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

This appeal concerns only the plaintiff's DIB application dated November 12, 1997, which was denied in a decision by an Administrative Law Judge (ALJ) on October 15, 1998 (Tr. 14-22), and then only a closed period of disability from November 13, 1996 to October 15, 1998.[1]

One of the reasons cited in the Court's prior Memorandum Opinion for remanding the case was that the plaintiff's treating physician, Dr. Roy Varghese, had opined on July 30, 1998 that he was totally disabled due to uncontrolled hypertension (despite being on various blood control medications), a recurrent

---

[1] See the Commissioner's brief, Docket Entry No. 11, at pp. 1-2 regarding an unappealed prior administrative decision, which had made no findings regarding the aforesaid period between 1996 and 1998.

4

Begley

ventral hernia, headache, and contact dermatitis secondary to paint exposure. (Tr. 307). Dr. Varghese stated that Begley needed surgery for his ventral hernia, but this could not be performed until his blood pressure came down. (Id.). [2] The Court noted that the functional capacity adopted by the defendant was largely based on the opinions of two non-examining state agency physicians (Tr. 282-97) who did not have the opportunity to review Dr. Varghese's opinion. While a conclusory disability opinion might not be totally binding on the defendant, the Court noted that in view of the specific physical problems cited by the treating physician, the non-examiners should have had a chance to consider his opinion before giving a final functional capacity assessment. (Tr. 336).

On remand, no additional opinion from a medical expert was sought. The ALJ merely stated that he rejected Dr. Varghese's opinion for reasons given in prior administrative decisions, and because total disability was inconsistent with the daily activities described in the plaintiff's testimony at the August 10, 1998 hearing. (Tr. 442). A review of the testimony from this hearing does not show any remarkable daily activities, with the plaintiff stating that he tried to walk 500 feet at least once a day, that his son performed his lawn work, and that he occasionally went to a

---

[2] Subsequent to the period at issue here, the transcript reflects several hospitalizations for uncontrolled hypertension (Tr. 360-70, 373-80) and his blood pressure was significantly elevated on admisions for other problems as well (e.g., Tr. 357, 381). The plaintiff eventually expired in August, 2000, due to a cardiac arrest resulting from hypertension, according to the Death Certificate. (Tr. 343).

5

Begley

nearby church. (Tr. 49). He would also feed his son's dogs. (Tr. 50). The ALJ also cited exhibits "33" and "40" as having inconsistent information about Begley's daily activities. (Tr. 442). The list of exhibits in the Court transcript do not show any exhibits with these numbers. (Tr. 1-5C). The plaintiff's Disability Report does not support the ALJ's position. It contains statements that Dr. Varghese had told him not to do any lifting, that he had to hire someone to do his chores because he could not do them, and that he watched television a great deal. (Tr. 93). He was able to visit with friends and relatives "daily," and could drive "except when [his] skin disorder flares up." (Id.).

In view of the failure of the administration to properly address this issue as provided in the Court's prior Memorandum Opinion, and the status of Dr. Varghese as a treating physician who cited specific, credible reasons for disability, a judgment and order with will be entered awarding benefits to the plaintiff for the closed period of November 13, 1996 to October 15, 1998.

This the  29  day of June, 2005.

_____
G. WIX UNTHANK
SENIOR JUDGE